Nathaniel RUSSELL,
Petitioner–Appellant,

v.

Michael LANE, Respondent–Appellee.

No. 88–1598.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 19, 1989.

Decided Nov. 29, 1989.

Nathanial Russell, Danville, Ill., for petitioner-appellant.

Michael J. Singer, Office of the Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUDAHY, POSNER, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

Nathaniel Russell appeals from the denial of a petition for habeas corpus that challenged the constitutionality of his state-court conviction on six grounds. On the same day the petition was filed, Judge Mills, to whom the case had been assigned in the usual random manner, dismissed four of the grounds because, in his view, they raised evidentiary issues not of constitutional dignity; he ordered the state to answer the other two. Some months later Judge Mills discovered that he had been a member of the panel of the Illinois Appellate Court that had affirmed Russell's conviction on direct appeal, and he recused himself. The case was reassigned to Judge Mihm, who dismissed the remaining two grounds in the petition for habeas corpus on the state's motion for summary judgment, and having done so denied the petition.

Russell's appeal challenges the correctness of Judge Mills' ruling dismissing the first four grounds in the petition and in addition argues that, because Judge Mills recused himself, Judge Mills' ruling on those grounds should have been disregarded and Judge Mihm should have made an independent determination of their merits. The state responds that we have no jurisdiction to consider this argument, because Judge Mihm's failure to reconsider Judge Mills' ruling is not a ground for granting habeas corpus. This response misconceives Russell's argument. Russell does not argue that he is entitled to have his conviction vacated because Judge Mihm did not reconsider Judge Mills' ruling. That would be an absurd argument. He argues that federal procedural law governing recusal entitles him to have his habeas corpus petition heard by a judge who was not a member of the state-court panel that affirmed the conviction.

The question raised by this argument is whether Judge Mills' recusal invalidated his previous ruling. We begin by asking whether Judge Mills was required to recuse himself. Unfortunately he did not state the basis for recusing himself, and we are left to speculation. One possible basis is 28 U.S.C. § 455(b)(3), which requires a judge to disqualify himself "where he has served in governmental employment and in

such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." Judge Mills' participation in Russell's state case was not as counsel, adviser, or material witness, but certainly voting to affirm a person's conviction is an expression of an opinion concerning the merits of the person's case. The reference to the "particular case," however, is to the present case, not a related former case. The Fourth Circuit has suggested, in a case materially identical to the present case, that section 455(b)(3) "might be stretched to cover this situation," but it went on to note that this subsection had been added to deal with the case in which a judge is appointed after being a government lawyer and that the drafters had apparently not contemplated the possibility that it might apply to a state judge who became a federal judge. *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir.1978). As far as we know, section 455(b)(3) has never been applied to a case such as the present.

An alternative possibility, here as in *Rice*, is section 455(a), which requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." The fact that a judge is asked to reconsider a previous ruling does not provide a reasonable basis for questioning his impartiality; and that is one way of looking at what Russell was asking Judge Mills to do by filing a petition for habeas corpus—reconsider a decision that the judge had participated in making when he was a member of the Illinois Appellate Court ruling on the same contentions that Russell has presented in his petition for habeas corpus. Compare *David v. Attorney General*, 699 F.2d 411, 416–17 (7th Cir.1983). If they are not the same contentions, Russell has either waived his right to obtain habeas corpus or failed to exhaust his state-court remedies; in either event the petition would have to be denied.

There is another way to look at the case, however: as one in which the losing litigant appeals from a ruling by Judge X to an appellate panel that includes Judge X; and it is considered improper—indeed is an express ground for recusal, see 28 U.S.C. § 47—in modern American law for a judge to sit on the appeal from his own case. On this ground the Fourth Circuit held in *Rice* that section 455(a) required the district judge to recuse himself. We agree with this result. Judge Mills was being asked to find that he had affirmed an unconstitutional conviction, and, implicitly, that by doing so he had become complicit in sending Russell to prison in violation of Russell's constitutional rights. To be asked to make such a finding is not the same thing as being asked, as in *David*, to reconsider a decision. In that case a federal judge who presided at the petitioner's extradition hearing later denied his petition for habeas corpus. We noted that under 28 U.S.C. § 2255, which is the habeas corpus substitute for federal prisoners, the application for relief is presented to the sentencing judge, and we thought the analogy to the extradition case a close one. A federal habeas corpus proceeding brought by a state prisoner is not a request to a state judge to reconsider his ruling. It follows the exhaustion of the petitioner's state remedies and is addressed to a judge who was not a member of the state-court panel that affirmed the petitioner's conviction and who had no emotional commitment to vindicating state justice as administered in the petitioner's case. We do not question Judge Mills' statement that when he made the rulings of which Russell complains he had no recollection of his participation in the appeal from Russell's conviction. But he may have had an unconscious recollection. The deeper point is that the difference between an actual recollection and no recollection is the difference between actual impropriety and the appearance of impropriety; the latter is the standard under section 455(a).

Although Russell was entitled to have his habeas corpus petition heard by a judge who had not participated in his conviction, nothing in the language or history of section 455(a) suggests that the statute affects the validity of orders the judge made before he recused himself. *United States v. Murphy*, 768 F.2d 1518, 1539–41 (7th

Cir.1985). However, we know from *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 2203–07, 100 L.Ed.2d 855 (1988), that Fed.R.Civ.P. 60(b)(6) can be used in appropriate cases to vacate orders made by a judge who later recused himself, if the ground for recusal existed at the time those orders were made—a condition satisfied in this case. (No such motion had been filed in *Murphy*.) Russell is entitled to an opportunity to move Judge Mihm under Rule 60(b)(6) to reconsider Judge Mills' order dismissing the first four grounds in the petition for habeas corpus. Since Russell has not been represented by counsel in this proceeding, allowance must be made for his failure to have filed such a motion. Instead of doing that he appealed to us from Judge Mihm's denial of the petition for habeas corpus, a denial that for Judge Mihm followed automatically, in light of Judge Mills' previous dismissal of four of Russell's six grounds, from the dismissal of the remaining grounds.

As the Supreme Court made clear in *Liljeberg*, the 60(b)(6) remedy for correcting rulings made by a judge who should have recused himself is not to be used lightly. But in this case the balance of injustices strongly favors it. Two-thirds of Russell's case was thrown out in the most summary possible fashion by a judge who should not have ruled on the case at all, and there will be little if any wasted effort if Judge Mihm revisits these issues since Judge Mills spent so little time considering them and decided them without asking the state to answer the petition.

All this discussion of Russell's rights under Rule 60(b)(6) would be pointless if it were plain that the four grounds that Judge Mills dismissed were groundless, but it is not plain, and indeed the dismissal may well have been premature. Rather than decide the merits of the dismissal without the benefit of a decision by a judge whose impartiality could not reasonably be questioned, we remand the case to the district court with directions to provide Russell a reasonable opportunity to file a motion under Rule 60(b)(6) to vacate so much of the judgment as dismissed the first four grounds in his petition for habeas corpus.

REMANDED WITH DIRECTIONS.