**UNITED STATES of America ex rel. John BRITZ, Petitioner,**

v.

**James THIERET, Respondent.**

No. 90–3093.

United States District Court, C.D. Illinois, Springfield Division.

May 25, 1990.

Charles W. Hoffman and Jane Raney, Asst. Appellate Defenders, Chicago, Ill., for petitioner.

Nathan P. Maddox, Asst. Atty. Gen., Springfield, Ill., for respondent.

OPINION

RICHARD MILLS, District Judge:

A question of recusal.

Habeas corpus (28 U.S.C. § 2254).

We asked the parties to submit their views as to the propriety of recusal of the undersigned in this case. The question arises because the undersigned—while serving on the Appellate Court of Illinois— authored the opinion *reversing* Petitioner's original conviction in this case, *see People v. Britz*, 128 Ill.App.3d 29, 83 Ill.Dec. 639, 470 N.E.2d 1059 (4th Dist.1984), *aff'd* 112 Ill.2d 314, 97 Ill.Dec. 768, 493 N.E.2d 575 (1986). The current petition concerns Petitioner's *second* conviction for the same offense—murder—which the undersigned has never before considered.

Nevertheless, we thought it advisable to seek the parties' views and authorities on the matter, even though we are well aware that the final analysis and decision on recusal falls on these shoulders alone. As we expected, counsels' observations have been helpful.

Both parties have identified 28 U.S.C. § 455(a) as the only possible statutory ground for recusal in this case; it provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test, as the parties note, is whether there exists " 'a reasonable basis' for a finding of an 'appearance of partiality under the facts and circumstances' of the case." *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 460 (7th Cir.1985) (quoting *SCA Services, Inc. v. Morgan*, 557 F.2d 110, 116 (7th Cir.1977)), which in turn calls for a finding of "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." *Pepsico*, 764 F.2d at 460.

With these thoughts in mind, we turn to the issue here.

An easy solution to this quandry could be found in § 455(e), which provides that "[w]here the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification." While some authority indicates that this subsection should be utilized only in "marginal cases and should be exercised with the utmost restraint," *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989), the situation we find ourselves in seems marginal at best (in terms of disqualification under § 455(a)), and so we would be prepared to accept this waiver provision.

But it's no use: although Respondent has expressly waived any ground for disqualification raised in our previous order, the Petitioner has not done so, and instead expresses no view at all. In fact, Petitioner has voiced a concern that *Matter of National Union Fire Insurance Co. of Pittsburgh, Pennsylvania*, 839 F.2d 1226, 1231 (7th Cir.1988), precludes the parties from stating their views on recusal in this case. There, the court quoted from Resolution L of the Judicial Conference to the effect that

> [i]n all cases involving actual, potential, probable or possible conflicts of interests, a federal judge should reach his own determination as to whether he should recuse himself from a particular case, without calling upon counsel to express their views as to the desirability of his remaining in the case.

839 F.2d at 1231.

Although we appreciate Petitioner's concern, it seems misplaced here, since we are concerned not with a conflict of interest (compare the factual situation in *National Union Fire Insurance*), but rather the possibility of the appearance of impropriety, *see Russell v. Lane*, 890 F.2d 947, 948 (7th Cir.1989). Simply put, the point is that Petitioner has not waived disqualification under § 455(a), and so we must consider whether disqualification is required.

We therefore turn now to the merits.

The bottom line: No reason exists for the undersigned to recuse himself here. As the Petitioner has noted, the only analogous situations presented in the case law are situations where judges were asked to recuse themselves from hearing matters upon which they had previously ruled. In *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir. 1978), and *Russell v. Lane*, 890 F.2d 947 (7th Cir.1989), for instance, the district

court judges hearing habeas corpus petitions had previously ruled upon the very same issues during prior service as state appellate court judges. As the *Rice* case noted,

> Such an appeal is not from Phillip drunk to Phillip sober, but from Phillip sober to Phillip intoxicated with the vanity of a matured opinion and doubtless also a published decision.

581 F.2d at 1117 (quoting 12 ABA Rep. 289, 307, quoted in 13 Wright, Miller & Cooper *Federal Practice and Procedure* 360, § 3545). The problem in cases of federal habeas review of state court convictions, see 28 U.S.C. § 2254, is that the district court judge is acting in the capacity of an appellate court, and if the judge had previously ruled on the issues while on the state bench then the circumstances would call for the judge to hear an appeal of his own decision; in other words, the judge would be required "to find that he had affirmed an unconstitutional conviction, and, implicitly, that by doing so he had become complicit in sending [the petitioner] to prison in violation of [the petitioner's] constitutional rights." *Russell*, 890 F.2d at 948.

Our case is materially different.

Since the undersigned has never ruled upon the issues involved in this case, we are in no way asked to find that we previously affirmed an unconstitutional conviction or had been in any way complicit in sending this Petitioner to prison in violation of his constitutional rights. Indeed, if anything the reverse is true, since the undersigned was a member of the panel which *reversed* Petitioner's original conviction. There is no more appearance of impropriety here than would be evident if the same appellate panel heard a second appeal following reversal of the original conviction under similar circumstances.

In short, the Court finds that no "objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case," *Pepsico*, 764 F.2d at 460, and so recusal under § 455(a) is unnecessary here.

*Ergo*, this Court shall retain jurisdiction over this habeas corpus proceeding. Our previous order requiring a response to the petition is REAFFIRMED.