976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nathaniel RUSSELL, Petitioner-Appellant,
v.
Michael P. LANE, Respondent-Appellee.
 No. 90-3348.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.*
Decided Sept. 14, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 The state's appellate court wrote: "None of these matters were [sic] raised in the post-trial motion. Thus, the matters now asserted to be grounds for a new trial were never presented to the trial court. They are waived unless they constitute plain error." An earlier appeal, Russell v. Lane, 890 F.2d 947 (7th Cir.1989), and the opinion of the district court on remand, narrate the background of this case, which we do not repeat. Judge Mihm considered and found wanting the grounds Russell advances for collateral relief. He urges all six on this appeal, and we must consider them all--for our first opinion discussed only procedural issues, not mentioning any of the substantive contentions.
 
 
 2
 1. Russell was convicted of participating in two murders. He contends that the evidence did not permit the jury to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). Kathryn Yeazell testified that Russell tied her up and covered the windows with sheets, while a companion shot the two victims. Whether an eyewitness told the truth is a question for a jury, not for an appellate court. United States v. Fozo, 904 F.2d 1166 (7th Cir.1990).
 
 
 3
 2. While Yeazell was in the hospital (she had been shot before she was bound) the police showed her a number of photographs, including several of Russell and his brother. Russell contends that the photographs and the manner of their presentation were unduly suggestive, tainting Yeazell's identification at trial. We need not decide whether the procedure was appropriate. Russell admitted presence in the apartment and to having seen Yeazell tied up. Only his role in events was disputed. Under these circumstances, the chance of irreparable misidentification was slim.
 
 
 4
 3. Russell contends that the prosecutor violated the due process clause by vouching for the credibility of the state's witnesses and commenting on facts not in evidence, among other offenses. These claims were forfeited in state court, and Russell has not established cause for the omission.
 
 
 5
 The court went on to say that any error is not plain. Relying on Rogers-Bey v. Lane, 896 F.2d 279 (7th Cir.1990), Russell contends that this alternative form of analysis shows that the state court did not rely on the waiver within the meaning of Harris v. Reed, 489 U.S. 255 (1989). Later cases establish, however, that such statements by a state court suffice to invoke state law as a ground of decision. Coleman v. Thompson, 111 S.Ct. 2546, 2557-61 (1991); Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991); Prihoda v. McCaughtry, 910 F.2d 1379, 1383-85 (7th Cir.1990).
 
 
 6
 4. The remaining three contentions deal with the admission of evidence. Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991), reminds us that arguments of the sort Russell presents do not justify collateral relief unless the trial as a whole was so unfair that the jury could not separate guilt from innocence. We do not believe that the circumstances suggest such a possibility. Take, for example, Russell's contention that the court should not have permitted the jury to see two photographs of a victim. Although such photographs may curdle the blood, they do not necessarily impel the jury to convict the wrong person. The prosecution did not portray Russell as the killer; Russell, for his part, conceded being at the scene (although not, he said, when Hicks pulled the trigger). Whether a court ought to admit such photographs when the cause of death is undisputed is a debatable question; its resolution in favor of admission did not make Russell's trial fundamentally unfair.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record