**ALEX GALEA`I, Plaintiff,**

**v.**

**TUIKA TUIKA, MAFA TUIKA,**
**and DOES 1-10, inclusive, Defendants.**

High Court of American Samoa
Trial Division

CA No. 17-04

October 13, 2004

Before RICHMOND, Associate Justice.

Counsel: For Plaintiff, David P. Vargas
 For Defendants, Robert K. Maez

## ORDER DENYING RECUSAL REQUEST

On July 6, 2004, Defendants Tuika Tuika ("Tuika") and Mafa Tuika ("Mafa") (together "the Tuikas") requested Associate Justice Lyle L. Richmond, the Justice presiding, to recuse himself from this matter, on

the grounds that the Tuikas cannot receive a fair trial before him in this action. Tuika's affidavit, attached to the July 6 motion, asserted numerous allegations in support of the request. The request was heard on July 12, 2004. The Tuikas and both counsel were present. The Tuikas' request is properly denied.

## Discussion

The duty of a judge, when faced with a motion to recuse, is well stated in *In re Matai Title "Faumuina,"* 26 A.S.R.2d 1, 6 (App. Div. 1994):

> A judge has an obligation not to recuse himself or herself unless there is need to do so. *Pene v. American Samoa Power Authority*, 10 A.S.R.2d (mem.) (1989); *see also Uiagalelei v. Ulufale*, 17 A.S.R. 128 (1990). If recusals were easily obtained, parties might use them as means of "judge-shopping." *Quachita Nat. Bank v. Tosco Corp.*, 686 F.2d 1261, 1300 (8th Cir. 1982) ("Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice," *citing Blizard v. Fielding*, 454 F. Supp. 318, 320 (D. Mass. 1978).)

In evaluating the current case in light of *Faumuina*, we examine both issues of procedure and substance.

### I. Timeliness of the Motion

As a threshold inquiry, we observe that the mere filing of an affidavit to disqualify does not automatically disqualify a judge. Rather, disqualification results only from filing a timely and sufficient affidavit. *United States v. Townsend*, 478 F.2d 1072 (3rd Cir. 1973). A timely motion to disqualify must be made "at the earliest possible moment" after obtaining information of possible bias. *See United States v. Yonkers Bd. of Educ.*, 946 F. 2d 180, 183 (2nd Cir. 1990). A judge may give less weight to a recusal motion "where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." *Id.* (quoting *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953 (2nd Cir. 1978)).

This action was commenced and process was served on the Tuikas on March 2, 2004. The Tuikas answered on March 22, 2004, but did not file the motion for recusal until July 6, 2004, more than three months later. Clearly the allegations in Tuika's affidavit in support of recusal relate to matters occurring well before March 2, 2004. We could reasonably consider the recusal motion untimely and end our discussion there. However, we will address the merits of the affidavit allegations.

## II. The Merits

H.C.R. 103 states that the conduct of judges in American Samoa is governed by the "Canons of Judicial Ethics."[1] Canon 3.E.(1)(a) of the 1990 Code of Judicial Conduct reads: (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might be reasonably questioned, including but not limited to instances where:

> (a) the judge has a personal bias or prejudice concerning a party . . . [.]

The test is whether "[a] person of ordinary prudence in the judge's position knowing all the facts known to the judge [could] find that there is a reasonable basis for questioning the judge's impartiality[.]" *See SCA Services, Inc. v. Morgan*, 557 F.2d 110 (7th Cir. 1977); *see also United States ex rel. Britz v. Thieret*, 737 F. Supp. 59-60 (C.D. Ill. 1990).

For purposes of evaluating the merits of the supporting affidavit, the challenged judge has limited discretion. The judge must take the factual allegations as true and may not question the affiant's good faith, even though the judge has personal knowledge that the allegations are false. *See In re Martinez-Catala*, 129 F.3d 213 (1st Cir. 1997). The judge may only consider the legal sufficiency of the alleged facts to support a charge of bias or prejudice. *Mims v. Shapp*, 541 F.2d 415 (3d Cir. 1976).

However, the judge may find the affidavit ineffective if the accusations of bias or prejudice contain merely conclusory allegations, rumors, beliefs, or opinions, and do not set forth the time, place, persons present, and circumstances with particularity. *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038 (6th Cir. 1990); *United States v. Vespe*, 868 F.2d 1328 (3d Cir. 1989); *United States v. Townsend*, 478 F.2 1072 (3d Cir. 1973). The judge may also consider the hearsay nature of any allegations. *Hodgson v. Liquor Salemen's Union Local No. 2 of*

---

[1] The Canons of Judicial Ethics were developed by the American Bar Association ("ABA") around 1930, which the ABA revised and adopted as the Code of Judicial Conduct in 1972. MODEL CODE OF PROFESSIONAL RESPONSIBILITY AND CODE OF JUDICIAL CONDUCT (American Bar Assn. 1979). In 1977, this Court adopted the 1972 Code of Judicial Conduct. General Order re: Judicial Conduct (September 15, 1977). Though not formally adopted by this Court, the ABA adopted its 1990 Code of Judicial Conduct, revising the 1972 Code of Judicial Conduct. MODERN JUDICIAL ETHICS (National Judicial College 1992). The wording of the applicable canon is the same in both codes.

*State of N.Y. Distillery, Rectifying, Wine and Allied Workers' Int'l Union of America AFL-CIO*, 444 F.2d 1344 (2d Cir. 1971).

The allegations in paragraphs 1, 4, 8, 12, 16, 17, and 18 of Tuika's affidavit set forth circumstances that do not in and of themselves provide any basis connecting this judge with any bias or prejudice against the Tuikas, or either of them. In significant part, these allegations relate to irrelevant personal information about the Tuikas. Paragraph 20 and 21 of the affidavit broadly allege a conspiracy against the Tuikas but fail to connect the contents of the preceding paragraphs in any meaningful manner with the alleged conspiracy or how the judge participated in it. The remaining allegations fall into two broad categories: (a) past judicial proceedings before the judge; and (b) the judge's past public employment.

A. Past Judicial Proceedings

 Allegations of bias and prejudice based on past judicial proceedings before the judge, not personal in nature, are ineffective. *United States v. Merkt*, 794 F.2d 959 (5th Cir. 1993); *United States v. Serrano*, 607 F.2d 1145 (5th Cir. 1979). Opinions held by judges as a result of what they learned during the current proceeding or in earlier proceedings, without any showing that the judge harbors personal feelings against the challenging party, are not subject to characterization as "bias" or "prejudice." *Liteky v. United States*, 510 U.S. 540, 551 (1994).

The allegations in paragraphs 2, 3, 5, 6, and 7 in Tuika's affidavit deal with the past and present litigation involving either or both of the Tuikas as parties before this judge. These allegations as stated do not set forth circumstances with any particularity, and paragraph 6 in particular, pertaining to *Tuika v. Am. Samoa Development Corp.*, CA No. 42-97, is founded on unreliable hearsay. The allegations are principally conclusory, based on Tuika's personal beliefs and opinions rather than actual and personal knowledge.

In sum, there is nothing alleged in connection with the judge presiding over the past judicial proceeding involving Mafa, or the past proceeding involving the Tuikas, and for that matter the present proceeding, that provides a reasonable basis for a person of ordinary prudence to question the judge's impartiality in the present litigation.

B. Past Public Employment

 A judge's former role as a government attorney does not itself establish prejudice or bias to warrant recusal, unless the judge "in such capacity participated as counsel, adviser or material witness concerning

the proceeding." 28 U.S.C. § 455(b); *see also Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). Moreover, in considering former employment more generally, a judge need not recuse himself where the position "is too remote and too innocuous to warrant disqualification." *Chittimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1166 (5th Cir.1982) (recusal not warranted where judge had represented the defendant in unrelated matters at least six years earlier); *see also Cipollone v. Liggett Group, Inc.*, 802 F.2d 658, 659 (3d Cir. 1986) (noting that "the long passage of time since [the judge's] last representation of that company requires the conclusion that no reasonable person could question his impartiality.").

The allegations in paragraphs 8, 9, 10, 11, 13, 14, and 15 of Tuika's affidavit concern the judge's employment with the American Samoa Government as an attorney for Governors Peter T. Coleman and A.P. Lutali, which actually began in January 1978 and ended in May 1989 (contrary to the allegations in paragraphs 14 and 15). The allegations deal with a time considerably remote from the present time. More significant, the allegations imply that somehow the judge in this role provided legal advice and assistance to the Governors concerning the American Samoa Development Corporation and Rainmaker Hotel against the Tuikas' interests as shareholders in the Corporation, or in some other personal manner. Tuika's allegations do not, however, show that the judge performed his legal duties to his clients, the Government and Governors, in any way other than in a professional manner. He fails to assert any basis for finding that the judge specifically knew that the Tuikas were shareholders or that his legal services were motivated by any ill-will against the Tuikas. Again, other than a hearsay basis, there is an absence of particularity for Tuika's factual claims.

In short, we conclude that there is nothing alleged in connection with the judge's prior employment experience that provides a reasonable basis for a person of ordinary prudence to question the judge's impartiality in the present litigation.

Finally, although this analysis has been predicated on the Tuikas' inability to establish sufficient evidence to question the judge's impartiality, it is affirmatively added that the judge in fact harbors no such personal feelings of bias, ill-will, or prejudice against the Tuikas. The current and past motions for recusal will in no way impact his ability to preside over the trial of this matter in a fair and impartial manner. The case will be objectively decided on the evidence presented.

### Order

The recusal request is denied. It is so ordered.