[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15242

_____

D. C. Docket No. 02-00910-CV-ORL-28-JGG

GARY LEE WHEELER,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,
CHARLIE CRIST,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 19, 2006)**

Before TJOFLAT, HULL and BOWMAN,* Circuit Judges.

PER CURIAM:

After oral argument and a thorough review of the record, we conclude that

_____

*Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the district court judge erred by failing to recuse himself from Appellant Gary Lee Wheeler's 28 U.S.C. § 2254 proceedings, where the judge also was the chief judge of the state appellate court that affirmed, on direct appeal, the state convictions now being challenged by Wheeler in his § 2254 petition. In doing so, we join the other circuits which have held that 28 U.S.C. § 455(a) requires a district court judge to recuse himself under similar circumstances. See Clemmons v. Wolfe, 377 F.3d 322 (3d Cir. 2004); Russell v. Lane, 890 F.2d 947 (7th Cir. 1989); Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978).

Accordingly, we reverse the district court's August 24, 2005 order denying Wheeler's motion to vacate, filed pursuant to Fed. R. Civ. P. 60(b)(6); vacate the district court's November 14, 2002 order dismissing Wheeler's § 2254 petition; order that Wheeler's § 2254 petition be reinstated nunc pro tunc as of the date of its original filing; and direct that Wheeler's § 2254 petition be assigned to a different district court judge who has not participated in the review of Wheeler's convictions at issue while serving in the state courts.

**REVERSED, VACATED, AND REMANDED TO REINSTATE PETITION.**