

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2008

# In re: Frederick Si

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2204

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In re: Frederick Si " (2008). *2008 Decisions.* Paper 983.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/983

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-126                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2204
_____

IN RE: FREDERICK C. SISNEROS,
                                                 Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 07-cv-04294)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 30, 2008

Before:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges

(Filed: June 23, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Frederick C. Sisneros, a prisoner at the State Correctional Institution at Smithfield

in Huntingdon, Pennsylvania, has filed a petition for a writ of mandamus seeking to

compel the recusal of a district judge.  For the following reasons, we will deny the

petition.

In 2004, Sisneros filed a pro se petition for a writ of habeas corpus under 28

U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania.

The case was assigned to District Judge Lawrence F. Stengel, who issued an order on November 17, 2004, dismissing the petition because it raised claims that were adjudicated in a prior habeas proceeding. On October 15, 2007, Sisneros filed a motion to vacate that judgment under FED. R. CIV. P. 60(b). He argued in the motion that the judgment should be vacated because Judge Stengel had previously presided over aspects of Sisneros' criminal case while serving as a judge on the Court of Common Pleas of Lancaster County. The motion was submitted with a copy of an order of the Court of Common Pleas of Lancaster County issued on November 4, 1994, and signed by Judge Stengel, directing the Commonwealth of Pennsylvania to show cause as to why various criminal charges filed against Sisneros should not be dismissed with prejudice. On February 1, 2008, Sisneros filed a motion for recusal under 28 U.S.C. § 455(a), arguing that Judge Stengel's impartiality in adjudicating the Rule 60(b) motion might reasonably be questioned because of his prior participation in state court criminal proceedings involving Sisneros. The District Court has not yet ruled on the Rule 60(b) motion or the recusal motion.

On April 30, 2008, Sisneros filed in this Court a petition for a writ of mandamus seeking the disqualification of Judge Stengel in the pending Rule 60(b) proceedings. Sisneros argues in the mandamus petition that he is clearly entitled to such relief under 28 U.S.C. § 455(a), and Clemmons v. Wolfe, 377 F.3d 322 (3d Cir. 2004), where we announced a supervisory rule requiring that "each federal district court judge in this

2

circuit recuse himself or herself from participating in a 28 U.S.C. § 2254 habeas corpus petition of a defendant raising any issue concerning the trial or conviction over which that judge presided in his or her former capacity as a state court judge." Clemmons, 377 F.3d at 328.

A mandamus petition is a proper means of challenging a district judge's refusal to recuse himself or herself pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-75 (3d Cir. 1992). Furthermore, we may entertain such a petition even before a final judgment has been entered in the case, because "[i]nterlocutory review of disqualification issues on petitions for mandamus is both necessary and appropriate to ensure that judges do not adjudicate cases that they have no statutory power to hear." Id. at 778. Given that a writ of mandamus is an extraordinary remedy that is only available where a litigant has no other adequate means of obtaining the desired relief, we have recognized that it would not be appropriate to issue a writ of mandamus compelling the disqualification of a district judge if a motion for recusal is pending in the district court. See In re Kensington Intern., 353 F.3d 211, 223-24 (3d Cir. 2003). Because Judge Stengel has not yet ruled on the motion for recusal that Sisneros filed on February 1, 2008, we conclude that he has not demonstrated that mandamus relief is warranted. We offer no opinion as to the merits of the recusal claim.

For the foregoing reasons, we will deny the mandamus petition, and we will do so without prejudice.

3