

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2009

# In Re: Ali Waris

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Ali Waris " (2009). *2009 Decisions.* Paper 1373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-160                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1809

IN RE: ALI WARIS,
                                        Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 07-cv-03344)

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 16, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2009)

OPINION

PER CURIAM

Ali Waris, the plaintiff in the matter of <u>Waris v. Heartland Home Healthcare</u>, 07-cv-03344 (E.D. Pa), has filed a mandamus petition pursuant to 28 U.S.C. § 1651. Waris seeks an order disqualifying the District Judge from presiding over the matter and vacating the District Judge's entry of judgment in the defendant's favor.

Waris filed an employment discrimination complaint pro se in the Montgomery County Court of Common Pleas in July 2007, alleging that Heartland Home Health Care

("Heartland") discriminated against him on account of his age, race, and national origin. Heartland removed the matter to federal court. Heartland and Waris filed cross-motions for summary judgment, and Waris filed motions to vacate, stay, and recuse pursuant to 28 U.S.C. §§ 144 and 455(a). The District Court denied Waris's recusal motion in December 2008, and in February 2009, the Court entered final judgment for Heartland and closed the case. The District Court subsequently denied Waris's post-judgment motions. See Fed. R. App. R. 4(a)(4).

Waris filed a petition for a writ of mandamus in this Court on March 24, 2009, requesting that we "vacate the purported 'Final Order'" in his case pursuant to Rules 60(b) (3)(4) and (6) of the Federal Rules of Civil Procedure. He also requested that the District Judge be compelled to recuse himself pursuant to 28 U.S.C. §§ 455 and 144, due to an appearance of impropriety. We note that, on March 27, 2009, Waris filed a timely notice of appeal from the District Court's judgment.

Mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. United States District Court, 426 U.S. 394, 402 (1976); Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). "[M]andamus must not be used as a mere substitute for appeal." Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a "clear and indisputable" right to issuance of the writ. In re School Asbestos Litig., 977 F.2d at 772. "Even then, exercise of our power is largely

2

discretionary." Id.

Waris's judicial bias and impropriety claims reiterate the claims he brought under 28 U.S.C. §§ 144 and 455(a) in the District Court. Claims of actual judicial bias pursuant to § 144 are not appropriate for mandamus. Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc). Hence, if Waris raises it, the § 144 claim should be addressed in his appeal. Waris's § 455(a) claims, however, may be addressed via mandamus, see Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993), or on appeal, see e.g., Clemmons v. Wolfe, 377 F.3d 322, 328 (3d Cir. 2004). Waris waited until the District Court proceedings had ended before seeking mandamus relief. We conclude that mandamus relief is not appropriate because Waris has an available remedy — i.e., his pending appeal. In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006). Moreover, an appeal would avoid piecemeal litigation, as Waris may raise, in that proceeding, his judicial bias claims as well as challenge the merits of the District Court's order granting summary judgment.

Accordingly, we will deny Waris's petition for mandamus. Waris's motions for oral argument and for leave to submit evidence are denied.