# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 08-51300

Lyle W. Cayce
Clerk

WILLIAM ETHRIDGE HILL,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-399

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Along with the parties and their respective counsel, the district judge who decided this habeas case apparently overlooked the fact that he had been a member of the three-judge panel of the Texas Court of Appeals, Third District, that decided the petitioner's direct appeal. *Hill v. State*, Nos. 03-01-00232-CR, 03-01-00233-CR, 2002 Tex. App. LEXIS 8534 (Tex. App.—Austin Dec. 5, 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-51300

The relevant federal statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Such a situation arises when a federal judge in a habeas case reviews the validity of a decision in which he previously participated as a judge in state court.  *See Clemmons v. Wolfe*, 377 F.3d 322, 327 (3d Cir. 2004); *Rice v. McKenzie*, 581 F.2d 1114, 1118 (4th Cir. 1978).  Although the statute also provides that this basis for disqualification may be waived by the parties after "a full disclosure on the record of the basis for disqualification," 28 U.S.C. § 455(e), the Code of Conduct for United States Judges provides that the conflict is not waivable if the judge "has participated as a judge . . . [in] the proceeding or has expressed an opinion concerning the merits of a particular case," Administrative Office of U.S. Courts, Code of Conduct for United States Judges Canon 3(C)(1)(e), 3(D) (2009).  Whether or not this basis for disqualification is waivable, based on our review of the record no disclosure and waiver occurred in this case.  Therefore, we are required to vacate the judgment of the district court and to remand to the Chief Judge of the District Court for the Western District of Texas for reassignment under the rules of that court.

VACATED and REMANDED.