CLD-133                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1619
_____

IN RE: DAVID R. KAUFFMAN,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to 3:23-cv-00239)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 24, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 23, 2025)
_____

OPINION[*]
_____

PER CURIAM

David R. Kauffman has filed a petition for a writ of mandamus requesting, among

other things, that we direct the District Court to refer his civil case to a new Magistrate

Judge.  For the following reasons, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kauffman filed a complaint in the United States District Court for the Western District of Pennsylvania, alleging that numerous Pennsylvania Department of Corrections officers and employees violated his civil rights. The matter was referred to Magistrate Judge Keith Pesto, who, Kauffman complains, is "shutting the courthouse doors to" him. Mandamus Pet., 9. According to Kauffman, Judge Pesto has an "established bias against" him, as evidenced by adverse rulings and by "refus[al] to issue a Rule 16 Scheduling Order." Id. at 2. The case remains pending in the District Court.

Our mandamus authority includes the power to order a District Court to recuse in accordance with 28 U.S.C. § 455. See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995); see also Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Under § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Because the purpose of this provision is "to promote public confidence in the integrity of the judicial process," it is not necessary for Kauffman to show that Judge Pesto was actually biased. See Clemmons v. Wolfe, 377 F.3d 322, 325 (3d Cir. 2004) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988)). The test for recusal under § 455(a) is whether a reasonable person who is aware of all of the facts might reasonably question a judge's impartiality. In re Kensington Int'l Ltd., 368 F.3d 289, 302 (3d Cir. 2004). Kauffman's allegations of bias pertain solely to "displeasure with legal rulings." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Thus, those allegations fail to set forth a reasonable basis for questioning

2

Judge Pesto's impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse rulings alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt); see also United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (explaining that recusal is not required when based on mere "possibilities" and "unsubstantiated allegations").

Furthermore, mandamus relief is not warranted based on Judge Pesto's alleged "refus[al]" to issue a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Mandamus Pet. 2. Issuance of a writ of mandamus is an appropriate remedy in extraordinary circumstances only. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Although we may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), the manner in which a court controls its docket is discretionary. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Given the discretionary nature of docket management, there can be no clear and indisputable right to have the District Court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, 49 U.S. 33, 36 (1980). Because the proceedings in the District Court are moving forward apace, we conclude that the absence of a scheduling order under Rule 16 is not tantamount to failure to exercise jurisdiction.

Kauffman also asks us to direct the District Court to "make [his] proposed First-Amended Complaint the operative complaint." Mandamus Pet., 2. We decline to do so. Several months after the defendants submitted their motions to dismiss the original

3

complaint, Kauffman moved for leave to file an amended complaint. The District Court denied that motion, noting that amendment would not promote justice as described in Federal Rule of Civil Procedure 15 or the speedy and inexpensive determination of actions described in Federal Rule of Civil Procedure 1. Mandamus is not a substitute for an appeal, see In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006), and Kauffman can challenge the denial of his motion for leave to amend on appeal following the District Court's entry of a final order. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that this Court reviews the denial of leave to amend for abuse of discretion).

For the foregoing reasons, we will deny Kauffman's petition for a writ of mandamus.