# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-3670

FABIAN LAFUENTE,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:08-cv-00160—**Harry D. Leinenweber**, *Judge.*

ARGUED JULY 8, 2010*—DECIDED AUGUST 13, 2010

Before BAUER, RIPPLE and KANNE, *Circuit Judges.*

PER CURIAM. Fabian Lafuente was convicted by a jury of drug and weapons offenses in September 2003; he is serving a 188-month sentence. Lafuente filed a timely

---

* This appeal is successive and is being submitted to the panel that resolved Lafuente's direct appeal pursuant to Operating Procedure 6(b).

motion to set aside his conviction, 28 U.S.C. § 2255, alleging that he was denied his right to conflict-free counsel because, at the time of his trial, his counsel was subject to prosecution by the same U.S. Attorney's office that was prosecuting Lafuente. The district court denied the motion without a hearing or other discovery. Because the motion was denied prematurely, we vacate the judgment and remand for further proceedings.

In his § 2255 motion, Lafuente contended that he was denied conflict-free representation because at the time of trial, his counsel, Andrea Gambino, had violated federal law by harboring an alien, 8 U.S.C. § 1324; had admitted her guilt; and was "cooperating fully" with the investigation. The motion asserts that Gambino (and her associate, Keri Ambrosio) intentionally withheld the facts of her criminal investigation from him, citing the trial transcript where Gambino says that she would rather not discuss the matter on the record. Lafuente swears that he did not learn that Gambino was subject to disciplinary sanction by the Illinois Attorney Registration and Disciplinary Commission until after the trial, and even then Gambino refused to explain the nature of the charges. Lafuente supported his assertions with a copy of the disciplinary complaint against Gambino filed with the ARDC.

According to that complaint, in 1996, while working as a federal defender, Gambino represented Jorge Ramos-Gonzales in his guilty plea to charges of possession with intent to distribute heroin and illegal reentry. Ramos-Gonzales was sentenced to 63 months' imprisonment.

In March 2000, Ramos-Gonzales was released from prison and removed to Mexico. After his removal, Ramos-Gonzales contacted Gambino and, in either late March or early April, illegally reentered the United States. From April through September 2000, the complaint continues, Gambino and Ramos-Gonzales "commenced a personal relationship." The complaint also asserts that Gambino violated federal law by assisting Ramos-Gonzales financially and, on one occasion, helping him evade law enforcement. As a result of her conduct, Gambino was terminated by the Federal Defenders office. *In re Gambino*, No. M.R. 18878, 02 CH 81 (Ill. Sept. 24, 2003), available by searching at https://www.iardc.org. Gambino ultimately consented to the ARDC complaint, confirming its allegations, expressing regret, and accepting a one-year suspension from the practice of law (three months' actual suspension, and the other nine months stayed pending one year of probation). *Id.*

The government opposed Lafuente's motion, maintaining that he did not produce sufficient evidence of a potential conflict to merit a hearing, let alone relief from the judgment. The government contended that Lafuente only alleged Gambino committed a disciplinary violation, not that she was subject to a criminal investigation. Moreover, his allegations did not warrant a hearing because they were nothing more than bare assertions: Lafuente's affidavit does not even explain when, where, and from whom he learned of the supposed criminal investigation. Finally, the government maintained that

it was aware of no evidence showing that Gambino was under criminal investigation at the time of Lafuente's trial.

The district court denied Lafuente's motion, and this court granted a certificate of appealability on the question of whether Gambino had a conflict of interest.

A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir, 2004). A hearing, though, is not required when "the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b); *Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir. 2004). The district court also has the authority to order discovery or something short of a full-blown hearing to allow an adequate inquiry into a petitioner's claim, or to help the court determine whether a full hearing is necessary. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001); *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997); *see also* Rules Governing Section 2255 Proceedings 6, 7. We evaluate the decision whether to order an evidentiary hearing for abuse of discretion. *Brock v. United States*, 573 F.3d 497, 499 (7th Cir.), *cert. denied*, 130 S. Ct. 762 (2009).

Lafuente's allegations, if believed, entitle him to relief. If a criminal defendant's attorney is under investigation by the prosecutors of her client, there is a conflict. *United States v. Lowry*, 971 F.2d 55, 61 (7th Cir. 1992); *Thompkins v. Cohen*, 965 F.2d 330, 332 (7th Cir. 1992). Although

Lafuente will eventually have to show that Gambino had an actual fear of retaliation, *see United States v. Balzano*, 916 F.2d 1273, 1293 (7th Cir. 1990), at this stage, his motion adequately alleges a claim that would entitle him to relief if proven.

The government contends that Lafuente's affidavit is insufficient to warrant a hearing because it failed to provide any detail concerning the purported investigation and fails to explain how Lafuente learned of it. But it is not within Lafuente's ability to have personal knowledge of whether Gambino was under investigation or feared investigation. Just as William Bracy was unable to marshal evidence of Judge Maloney's corruption without discovery, *Bracy*, 520 U.S. at 909, here, too, Lafuente's allegation will require further investigation before it can be confirmed.

To warrant further investigation, a petitioner must support a request with more than "mere unsupported assertions," and Lafuente did. First, he provided his own affidavit, which alone may be sufficient. S*ee Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). And Lafuente also presented the ARDC complaint, which confirms his allegation that Gambino violated federal law. Moreover, contrary to the government's assertion, Lafuente did explain how he came to know about Gambino's criminal acts: after the trial, Lafuente's father filed an ARDC complaint and received a record of Gambino's other disciplinary complaint. That the affidavit does not contain the explanation makes no difference because the § 2255 motion, which does set

forth this explanation, was sworn under penalty of perjury, and thus is considered an affidavit. *See id.* at 1071.

The petitioner's pro se motion, sworn statement, and corroborating evidence show that his allegations are plausible, and are sufficient to warrant further inquiry by the district court. Accordingly it was an abuse of discretion to deny the motion without discovery or a hearing. We therefore remand the case for further proceedings.

We note that a full evidentiary hearing is not the only option available to the district court to resolve the essential disputed facts: whether Gambino was actually investigated by the U.S. Attorney's Office, or whether she feared such an investigation. If she was not investigated, or at least was unaware of any investigation, there would be no conflict of interest, and Lafuente's claim would necessarily fail. Rule 6 of the Rules Governing Section 2255 Proceedings provides that a judge may authorize further discovery upon request; Rule 7 authorizes the judge to expand the record without request. Either option provides a relatively straightforward way to resolve the crucial issues of fact that underpin Lafuente's claim. *See Bracy*, 520 U.S. at 908 (holding that discovery is appropriate in a collateral proceeding to allow an adequate inquiry into a petitioner's claim); *see also Blackledge*, 431 U.S. at 81; *Boyko*, 259 F.3d at 790; *Wright*, 125 F.3d at 1044. The government could obviate the need for an evidentiary hearing by simply confirming, through an affidavit, that Gambino was never under investigation; an affidavit from Gambino

would confirm whether she feared prosecution. These discovery methods can help the district court determine whether a more extensive hearing is necessary.

Because Lafuente's pro se motion, affidavit, and exhibits sufficiently allege facts that would entitle him to relief on his § 2255 motion, the district court erred by denying the motion prematurely. We remand for further proceedings.