# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3279

IN RE:

RICH BERGERON,

*Petitioner.*

Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 09-cv-00386-SEB-DML—**Sarah Evans Barker**, *Judge*.

SUBMITTED OCTOBER 7, 2010—DECIDED MARCH 4, 2011

Before POSNER, WILLIAMS, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.  Rich Bergeron asks us to remove the judge presiding in *Eppley v. Iacovelli*, a case pending in the district court. Bergeron had repeatedly asked her, without success, to recuse herself.

Eppley, a plastic surgeon, had sued Iacovelli, a former patient, in 2009 for defamation and other alleged wrongs arising from Iacovelli's dissatisfaction with the face-lift operation that Eppley had performed on her. The judge issued a preliminary injunction that ordered Iacovelli and anyone acting as her agent to remove all Internet

postings that referred to the surgeon. Some of those websites were maintained by Bergeron, an agent of Iacovelli within the meaning of the preliminary injunction. He did not remove the postings and the judge held him in contempt and ordered him to pay Eppley $1,772.99 as a sanction. Bergeron's appeal from that award is pending. Earlier he had instituted proceedings in this court arising from his entanglement in Eppley's suit, but we can disregard them. Eppley's suit against Iacovelli remains pending in the district court.

We need to distinguish between Bergeron's desire that the district judge be removed from *Eppley v. Iacovelli* and his desire that she be removed from the contempt proceeding. A nonparty cannot inject himself into a case without intervening, *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam)—which Bergeron has not done— unless the judgment "concludes the rights of the affected person, who cannot litigate the issue in some other forum." *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 651 (7th Cir. 2009); see also *National Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 41-42 (1st Cir. 2009). Bergeron has an interest in *Eppley v. Iacovelli*: he wants to post Iacovelli's complaints about Eppley on his website. The interest might enable him to intervene, and become a party, to seek relief that would protect his interest. But his interest is too uncertain to give him the rights of a party automatically. For example, the financial consequences of his not being able to post Iacovelli's complaints on his website are unknown and possibly nil.

But obviously he *is* a party to the contempt proceeding, and as our court and most other courts have held—see, e.g., *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (per curiam); *United States v. Diekemper*, 604 F.3d 345, 352 (7th Cir. 2010); *In re Basciano*, 542 F.3d 950, 955 (2d Cir. 2008); *In re United States*, 441 F.3d 44, 56-57 (1st Cir. 2006)—mandamus is a proper vehicle for seeking a judge's removal from a case on the ground, which is Bergeron's only ground, that the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859-61, 865 (1988). (That is, that the judge appears to be biased.) Actual bias would entitle the losing party to a new trial, but the mere appearance of bias would not; whether to grant a new trial would be a discretionary judgment for the court, as the Supreme Court held in *Liljeberg*, 486 U.S at 862-64; see also, e.g., *United States v. Amico*, 486 F.3d 764, 777 (2d Cir. 2007); *United States v. Cerceda*, 172 F.3d 806, 812-14 (11th Cir. 1999) (per curiam). So the cleanest remedy against the creation of an appearance of judicial bias is to seek the judge's removal as soon as the appearance materializes, hopefully before trial. That is why we won't order a new trial unless the party complaining of the appearance of bias seeks mandamus, e.g., *United States v. Diekemper*, *supra*, 604 F.3d at 352; it is far better to correct the problem by ordering recusal in advance than by ordering a new trial. "If a party is deprived of his substantial rights in a trial before an actually biased judge the harm can be remedied (though not costlessly) by a new trial before an unbiased judge. But the harm to the public's perception of

the judicial system when a judge who appears to be biased proceeds in a case is more difficult to correct. Prevention in such circumstances is clearly preferable to attempts to cure." *United States v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir. 1985). Because a district court's denial of recusal is not an appealable order, the requester is allowed to seek mandamus from the court of appeals in lieu of appealing. *Id*.

Although he asked us for mandamus before Judge Barker concluded the contempt proceeding by her award of sanctions to Eppley, Bergeron did not ask us to stay the proceeding in the district court and we did not, and now it's too late for us to order the judge removed from the case, because she's through with it. We could order a do-over of the contempt proceeding were this an egregious case of apparent bias, as the Supreme Court considered *Liljeberg* to be; but the appearance of impropriety in this case is too attenuated to justify that extraordinary remedy. The petition for mandamus is therefore

DENIED.