In the

# United States Court of Appeals
## For the Seventh Circuit

No. 11-1121

JOSHUA RESENDEZ,

*Petitioner-Appellant,*

*v.*

BRIAN SMITH,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:10-cv-01607-SEB-DML—**Sarah Evans Barker**, *Judge.*

ARGUED JUNE 4, 2012—DECIDED AUGUST 20, 2012

Before KANNE, WOOD, and TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* Joshua Resendez appeals the district court's dismissal of his petition for a writ of habeas corpus, contending that the State denied him of his constitutional right to counsel in a sentence correction proceeding under Indiana Code § 35-38-1-15. At first blush, this case appears to present the question whether a § 35-38-1-15 proceeding is properly classified as a direct or collateral proceeding for federal habeas

purposes. But we need not reach that question because we conclude that Resendez's claims may not be presented via a § 35-38-1-15 motion.

**I.**

In October 2002, Joshua Resendez was arrested and charged with robbery in an Indiana state court ("Cause No. 220"). He pled guilty and, on March 18, 2003, the trial court sentenced him to ten years in prison. Because he pled guilty, he could not directly appeal his conviction. He did not appeal his sentence.

While incarcerated, Resendez pled guilty to three counts of forgery and one count of receiving stolen property based on conduct committed before his incarceration ("Cause No. 43"). The state trial court sentenced him to four years on the forgery counts and one and one-half years on the other count, sentences to be concurrent; suspended the sentence of imprisonment; and ordered Resendez placed on probation for two years. The court also ordered that the sentence run consecutively to the sentence imposed in Cause No. 220. As before, Resendez could not appeal his conviction and did not appeal his sentence.

On February 22, 2008, after serving the executed portion of his sentence in Cause No. 220, Resendez was released from prison. He reported to the parole office and was instructed to report to the probation department so he could begin his probation in Cause No. 43. Resendez told the probation officer that he was supposed

to serve his probation consecutive to the parole. None-theless, he began serving probation while also serving parole.

After Resendez violated the terms of his probation, the trial court revoked the suspension of his sentence and ordered him to serve a four-year sentence on work re-lease. Resendez subsequently violated the conditions of his work release and was convicted of a new offense, Failure to Return to Lawful Detention. The court ordered Resendez to serve the remainder of his four-year sen-tence in prison and sentenced him to 180 days for his failure to return to lawful detention.

On June 10, 2009, Resendez filed a pro se motion to correct sentence, complaining that he was on probation and parole at the same time. The motion was not ruled upon. Then on August 27, 2009, Resendez filed a second pro se motion titled, "defendants [sic] belated motion to correct erroneous sentence." The motion stated that it was pursuant to Indiana Code § 35-38-1-15 and Indiana Trial Rule 59 (motion to correct error), and sought correction of Resendez's conviction and sentence in "the above-entitled cause of action," referring to both Cause No. 220 and Cause No. 43. Resendez asserted that he completed his sentence in Cause No. 220 and was no longer on parole when the parole department in-structed him to report to the probation department and he began serving probation for Cause No. 43. He also challenged the parole board's authority to find that he had violated the conditions of his parole in Cause No. 220. The trial court denied the motion.

Resendez appealed pro se, requesting assistance of counsel. The trial court denied the counsel request. Because Resendez failed to comply with the Indiana Court of Appeals's order to file a brief and appendix, that court dismissed the appeal. Resendez sought a writ of mandamus in the Indiana Supreme Court; that court dismissed his petition, concluding that it sought an inappropriate remedy under the rules and laws governing writs.

Resendez next filed a petition for writ of habeas corpus in the federal district court, claiming a denial of the right to counsel in connection with his "belated motion to correct erroneous sentence." The court denied the petition on preliminary review under Rule 4 of the Rules Governing Section 2254 Proceedings in the U.S. District Court, which allows for summary dismissal if it "plainly appears" that the petitioner is not entitled to relief. The court characterized Resendez's claim as one that the Indiana state courts "denied him assistance of appointed counsel in challenging the trial court's denial of his motion to modify his sentence." The district court found that the claim was not cognizable in habeas corpus because Resendez was asserting a right to counsel in making "a collateral challenge to [his] conviction in the Indiana state courts." The district court also denied a certificate of appealability (COA). This court subsequently granted a COA, concluding that the petition made a substantial showing of the denial of a constitutional right: whether Resendez had a constitutional right to counsel in a proceeding under Ind. Code § 35-38-1-15. Whether his motion under § 35-38-1-15

was characterized properly as a direct or collateral proceeding presented an antecedent non-constitutional question.

## II.

Resendez claims that the State denied him his constitutional right to the assistance of counsel in pursuing his motion to correct erroneous sentence under Indiana Code § 35-38-1-15. Smith responds that the title of Resendez's motion notwithstanding, it was not a direct challenge to his sentences or convictions, but a challenge to a parole board matter regarding the administration of his sentences and thus, not cognizable on federal habeas review. Smith also argues that Resendez's right to counsel claim is procedurally defaulted. We conclude that even if the claim was preserved, Resendez cannot prevail.

A petitioner is entitled to federal habeas relief only if he demonstrates that he is in custody "in violation of the Constitution or laws or treaties of the United States." *McCarthy v. Pollard*, 656 F.3d 478, 483 (7th Cir. 2011) (quoting 28 U.S.C. § 2254(a)), *cert. denied*, 132 S. Ct. 1756 (2012). We review the denial of a habeas petition de novo. *Harris v. Hardy*, 680 F.3d 942, 948 (7th Cir. 2012). Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must establish that the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreason-

able determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Under the "unreasonable application" clause, applicable here, a federal court may grant the writ "if the state court identifies the correct governing legal principle" from Supreme Court precedent, *Williams v. Taylor*, 529 U.S. 362, 413 (2000), but "unreasonably refuses to extend that principle to a new context where it should apply," *id.* at 407. Resendez asserts that the state court unreasonably refused to extend the constitutional right to counsel to Indiana's procedure for correcting an erroneous sentence.

The district court may have erred in characterizing Resendez's motion as a motion to modify sentence, but the substance of the motion, even construed liberally, reveals that it is not a motion to correct error under Ind. Code § 35-38-1-15, which might be considered a direct proceeding. Resendez's motion is a collateral challenge to—not a direct attack on—his sentence. Thus, the district court's assumption that the motion was collateral in nature proves correct.

"[A] criminal defendant enjoys [a] right to counsel through his first appeal of right . . . but . . . once the direct appeal has been decided, the right to counsel no longer applies." *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000) (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 756 (1991) ("a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review"); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (holding there is no right to counsel in state collateral proceedings after

exhaustion of direct appellate review). The right to counsel may attach to proceedings that substitute for a direct appeal or occur before the conclusion of a direct appeal. *See Kitchen*, 227 F.3d at 1018-19 (holding defendant had a right to counsel for his pre-appeal motion for a new trial).

Resendez asserts that a motion to correct erroneous sentence is an alternative to a direct appeal and that Indiana courts have repeatedly noted that proceedings under Ind. Code § 35-38-1-15 are distinct from various forms of post-conviction relief. *See, e.g., Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004); *Thompson v. State*, 389 N.E.2d 274, 276 (Ind. 1979). He therefore submits that his motion to correct erroneous sentence and subsequent appeal were non-collateral in nature and assistance of counsel was constitutionally required. Even assuming that federal law would classify a § 35-38-1-15 motion to correct sentence as a direct proceeding, *see Huusko v. Jenkins*, 556 F.3d 633, 635 (7th Cir. 2009) ("Federal law classifies a state proceeding for the purpose of § 2254."), Resendez cannot obtain habeas relief.

Why not? Because he conveniently overlooks a critical point: A motion to correct sentence pursuant to Ind. Code § 35-38-1-15 "may only be filed to address a sentence that is 'erroneous on its face.'" *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008) (quoting *Robinson*, 805 N.E.2d at 786). "Other sentencing errors must be addressed via direct appeal or post-conviction relief." *Id.*; *see also Robinson*, 805 N.E.2d at 787. The Indiana Supreme Court has held "that a motion to correct sentence may only

be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Robinson*, 805 N.E.2d at 787.

Resendez identifies two claims that he asserts fall within the scope of a § 35-38-1-15 motion: First, the judgment of conviction in Cause No. 43 orders that his sentence is to be consecutive to the sentence imposed in Cause No. 220. Second, he was being made to serve probation and parole *for the same offense*. (Nonetheless, he recognizes that his motion complained he was being made to serve parole and probation *at the same time*.) Neither claim, however, can be determined from the face of the sentencing judgment.

As for the first claim, Resendez argues that an Indiana trial court "is required to make a specific and individualized statement of the reasons" to support consecutive sentences. *See Ballenger v. State,* 565 N.E.2d 751, 751 (Ind. 1991) (per curiam). He claims that the trial court imposed the consecutive sentence without making such a statement. Yet he offers no authority to establish that the court had to provide such a statement in the sentencing judgment itself. Reviewing courts often consult the transcript of the sentencing hearing in search of a statement of reasons to support consecutive sentences. *See, e.g.*, *Ballard v. State*, 715 N.E.2d 1276, 1278 n.4 (Ind. Ct. App. 1999). To determine whether the trial court provided a statement of reasons to support the imposi-

tion of a consecutive sentence in Cause No. 43, we would have to consider matters beyond the judgment, such as a transcript of the sentencing hearing or a written sentencing memorandum. The alleged sentencing error is not "clear from the face of the judgment." Thus, this challenge to Resendez's sentence may only be raised on direct appeal or in a post-conviction proceeding; a motion to correct sentence under § 35-38-1-15 is an improper remedy. *See, e.g.*, *Robinson*, 805 N.E.2d at 787 (for "sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings").

The second claim likewise is not facially apparent and thus, the motion to correct sentence is an improper remedy. Neither judgment of conviction supports the claim that Resendez was being made to serve parole and probation for the same offense. In order to determine whether he was serving probation and parole for the same offense, we would have to consider other proceedings, *e.g.*, the parole board's decisions. Resendez argues that *Robinson*'s "erroneous on its face" standard, *id.* at 786, would not preclude him from challenging the revocation order, although he recognizes that the order is not a judgment of conviction. The only authority he cites is *Neff*, but the case cannot be read to support his assertion. *See Neff*, 888 N.E.2d at 1252 (holding that "[f]or purposes of filing a motion to correct erroneous sentence, an abstract of judgment in counties that do not issue judgments of conviction . . . may function in place of a judgment of conviction"). Nothing

in *Neff* suggests that this rule should be extended to parole board proceedings and *Robinson* holds otherwise. 805 N.E.2d at 787 ("Claims that require consideration of the proceedings before, during, or after trial may *not* be presented by way of a motion to correct sentence." (emphasis added)); *see also Davis v. State*, 937 N.E.2d 8, 11 (Ind. Ct. App. 2010) (stating *Robinson* "emphasized that a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction"), *trans. denied*. Besides, even when Resendez's pro se motion is construed liberally, it is more than a stretch to read it as claiming that he was serving probation and parole for the same offense. Rather, the motion challenges the parole department's decision to have him simultaneously serve probation and parole for two separate offenses and the parole board's authority to find that he violated the conditions of parole in Cause No. 220 while he was serving probation in Cause No. 43.

Resendez emphasizes that he labeled his motion a "motion to correct erroneous sentence," cited Ind. Code § 35-38-1-15, and made assertions implicating the legality of his sentence. He elevates form over substance. Furthermore, by focusing on these facts, he ignores *Robinson*'s clear holding that a motion pursuant to § 35-38-1-15 may only be used "to correct sentencing errors clear from the face of the judgment[.]" 805 N.E.2d at 794. That the State may have erroneously treated Resendez's motion as one under § 35-38-1-15 doesn't transform it into a proper § 35-38-1-15 motion. Similarly, that the State may have failed to comply with its post-

conviction procedures would not raise a cognizable federal habeas claim. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) ("[E]rrors in state collateral review cannot form the basis for federal habeas corpus relief.").

We conclude that Resendez's motion to correct sentence was not a motion pursuant to Ind. Code § 35-38-1-15 but a collateral attack on his sentence. Therefore, he had no constitutional right to counsel, *see Finley*, 481 U.S. at 557, and the district court did not err in denying him habeas relief. We do not reach whether a proper motion pursuant to § 35-38-1-15 qualifies as a direct or a collateral proceeding or whether there is a constitutional right to counsel in such a proceeding.

### III.

The district court's judgment denying habeas relief is AFFIRMED.