In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3303

ANTHONY WEDDINGTON,

*Petitioner-Appellant,*

*v.*

DUSHAN ZATECKY, Superintendent,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:11-cv-00184-TWP-TAB — **Tanya Walton Pratt**, *Judge.*

ARGUED FEBRUARY 12, 2013 — DECIDED AUGUST 1, 2013

Before RIPPLE and TINDER, *Circuit Judges,* and ZAGEL, *District Judge.*[*]

---

[*] The Honorable James B. Zagel, of the United States District Court for the
(continued...)

TINDER, *Circuit Judge.* Anthony Weddington was convicted in Indiana state court in two separate trials of a total of four counts of rape, two counts of criminal confinement, one count of criminal deviate conduct, and one count of robbery. He was sentenced to a total of 133 years' imprisonment. He petitioned for a writ of habeas corpus, claiming that he was denied effective assistance of trial and appellate counsel in his second trial. The district court concluded that the petition was barred by the statute of limitations, that Weddington procedurally defaulted his claims, and that he was not entitled to relief; therefore, the court denied his petition. For the reasons that follow, we vacate the dismissal of the petition and remand to the district court for further proceedings.

## I.  Background

In 2002, the State of Indiana charged Weddington with four counts of rape, four counts of criminal deviate conduct, and two counts of criminal confinement. The charges were severed into two separate trials. The Honorable Tanya Walton Pratt (then a Marion Superior Court Judge) presided over Weddington's first trial in September 2003 (Cause No. 49G01-0202-FB-029155). A jury found him guilty of rape, robbery, and criminal confinement, and Judge Pratt sentenced him to 73 years' imprisonment. Weddington appealed; the Indiana Court of Appeals affirmed.

---

[*] (...continued)
Northern District of Illinois, sitting by designation.

The remaining charges against Weddington were tried in a March 4, 2005 bench trial before Marion Superior Court Judge Robert Altice (Cause No. 49G02-0202-FB-23310). Prior to late February of that year, Weddington had been proceeding pro se with stand-by counsel. At the end of that month, however, Weddington sought appointment of counsel and, on March 2, 2005, stand-by counsel was appointed defense counsel. Defense counsel called no witnesses at trial. Judge Altice found Weddington guilty of three counts of rape, one count of criminal deviate conduct, and one count of criminal confinement, and sentenced him to 60 years' imprisonment to run consecutive to the sentence imposed in the 2003 case. Weddington appealed his 2005 convictions and the Indiana Court of Appeals affirmed. He sought transfer to the Indiana Supreme Court, which was denied.

In 2007, Weddington filed a state petition for post-conviction relief raising claims challenging his 2005 convictions, claiming, *inter alia*, ineffective assistance of trial and appellate counsel. The state trial court held evidentiary hearings on the petition and on May 12, 2009, the court denied post-conviction relief. Weddington did not appeal.

On February 4, 2011, Weddington filed a pro se habeas petition under 28 U.S.C. § 2254, challenging his 2005 convictions. The petition claims that the trial court erred in denying a motion to suppress all evidence from a January 29, 2002 traffic stop. It also raises ineffective-assistance-of-counsel claims directed at trial counsel and appellate counsel, including one related to a fourth amendment claim. And Weddington maintains that his wife would have testified at trial and given him an alibi to the crimes charged, yet trial counsel failed to

contact her or any other witness, even though counsel was told that she wanted to testify. In his petition, Weddington asserts that he was prevented from appealing the denial of his post-conviction motion because the prison administration "confiscated all of his legal work, legal books, and pens and pencils for over a year." Petition 8. He asserts that the one-year limitations period is no bar to his petition "because all of [his] legal paper work, legal books, and even his legal mail was confiscated by the officials at the prison…; for well over a year these items were taken. Even [his] pens and pencils were taken." *Id.* at 14. Weddington declared under penalty of perjury that the assertions in his petition are true and correct, and he signed his petition February 2, 2011.

In an attachment to his federal habeas petition, Weddington further states that when he was sent to segregation, "all of his personal property and belongings were taken from him and placed inside of a plastic gray box by the institution officials." *Id.* at 17-18. He also claims that "[he] was not allowed to retrieve any of his legal paperwork…for well over a year," *id.* at 18, and that even though he was released from disciplinary segregation in June 2010, the property that had been put in the gray box was not returned to him until August 2010. Furthermore, when the property was returned, "basically all" of his legal books and paperwork, including his habeas petition, were missing. *Id.* at 19. Weddington separately signed and dated the attachment, but without a separate indication that the attachment, too, was signed under penalty of perjury.

Weddington's federal habeas case was assigned to district judge Tanya Walton Pratt (who had been appointed to the United States District Court for the Southern District of Indiana

as of June 2010). On September 19, 2011, Judge Pratt, as a federal district judge, denied the petition as barred by the statute of limitations and procedural default without addressing the merits of the claims. Weddington did not raise any issue in the district court with respect to Judge Pratt's participation in his federal habeas case.

This court granted Weddington a certificate of appealability upon finding a substantial showing of the denial of the right to effective assistance of trial and appellate counsel. We directed the parties to brief the timeliness of the petition and whether Weddington procedurally defaulted on his federal habeas claims. We also instructed them to address whether recusal of the district judge was required.

## II. Discussion

A federal court can grant a writ of habeas corpus if a petitioner demonstrates that he is in custody in violation of clearly established federal law. 28 U.S.C. § 2254(a). We review a district court's denial of a habeas petition de novo. *Resendez v. Smith*, 692 F.3d 623, 626 (7th Cir. 2012). In this case, we first consider whether a district court judge must recuse herself from participating in a § 2254 petition where the judge, in her former capacity as a state court judge, presided over the defendant's conviction for state criminal charges that were closely related to the state criminal charges underlying the federal habeas action. Then we consider the state's arguments that Weddington failed to clear procedural hurdles erected by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA): the one-year statute of limitations and the exhaustion-of-state-remedies requirement.

### A. Recusal

Our first task is to decide whether the district judge should have recused herself. Federal law provides that "[a]ny…judge …shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of the statute "is to preserve the appearance of impartiality." *United States v. Johnson*, 680 F.3d 966, 979 (7th Cir.), *cert. denied*, 133 S. Ct. 672 (2012). It is important to a litigant and to the fairness and public reputation of judicial proceedings that review of a case be conducted by "a judge other than the judge who presided over the case at trial." *Clemmons v. Wolfe*, 377 F.3d 322, 325 (3d Cir. 2004). Indeed, 28 U.S.C. § 47 provides: "No judge shall hear or determine an appeal from the decision of a case or issue tried by him." This statute is not strictly applicable here because it applies to appeals, not federal habeas petitions. But the habeas petition is similar to appellate review. In a federal habeas action, the petitioner has "the opportunity to have a federal court review the state proceedings for constitutional infirmities. In this respect, there is no reason why the same rules governing independence, conflict of interest, or appearance of partiality should not apply." *Clemmons*, 377 F.3d at 325-26; *see also Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989) (noting that a federal habeas proceeding "is addressed to a judge…who had no emotional commitment to vindicating state justice as administered in the petitioner's case").

The state argues that a § 455(a) claim of bias is not preserved for appeal unless the complaining party seeks a writ of mandamus. *See, e.g.*, *Johnson*, 680 F.3d at 980 ("Because a party

waives his § 455(a) recusal argument by failing to petition for a writ of mandamus, it follows that he also waives it by failing altogether to raise it at the district court level." (quotation and citation omitted)); *United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010) ("[R]ecusal under § 455(a) must be sought immediately through a writ of mandamus or it is waived."). Yet, at the same time and not as an alternative argument, the state also asserts that we review Weddington's claim that Judge Pratt should have recused herself for plain error. Thus, the state may have waived the waiver argument. But regardless of whether Weddington waived this claim for purposes of the prior proceedings below, as we shall see, further proceedings in the district court are necessary. We review his claim with that in mind.

*Clemmons* is a closely analogous case. There, the district judge dismissed the habeas petition as untimely, and that same judge had been the state court judge who had presided over the petitioner's criminal trial. 377 F.3d at 324. The Third Circuit reviewed for plain error because the petitioner did not object to the judge's failure to recuse in the habeas action. The court stated that "the error complained of in this case—a federal judge sitting in review of the propriety of the state proceedings conducted by that judge—seriously affects the fairness and public reputation of the judicial proceedings." *Id.* at 325. The court found that the district judge's failure to recuse "has created an appearance of impropriety that runs the risk of undermining the public's confidence in the judicial process." *Id.* at 328 (quotation and citation omitted). *Clemmons* established a broad rule requiring that each federal district judge "recuse himself or herself from participating in a 28 U.S.C. §

2254 habeas corpus petition of a defendant raising any issue concerning the trial or conviction over which the judge presided in his or her former capacity as a state court judge." *Id.* at 329. Similarly, in *Russell*, we concluded that the petitioner "was entitled to have his habeas corpus petition heard by a judge who had not participated in his conviction." 890 F.2d at 948 (judge who dismissed habeas petition had been a member of the state court of appeals panel that had affirmed petitioner's conviction on direct appeal).

In arguing that Judge Pratt was not required to recuse herself, the state relies on *Daniels v. Wilson*, No. 10-4562, 2012 WL 6176999 (3d Cir. Dec. 12, 2012) (unpublished). In that case, the state court judge who had issued a warrant for Daniels' arrest when he failed to appear for a preliminary hearing ended up being the district judge who denied Daniels' federal habeas petition. In deciding that the judge was not required to recuse himself based on his involvement in the state court proceedings, the court considered *Clemmons*'s broad rule and the Supreme Court's instruction that when considering the need for recusal under § 455(a), courts "cannot ignore the factual realities" of the case under review. *Id.* at \*3. The court concluded that the district judge was not required to recuse himself because he "did not preside over any trial or conviction of Daniels" and only issued an arrest warrant when Daniels failed to appear at a preliminary hearing. *Id.* Further, the court reasoned that the warrant "did not concern the substantive charges" but was nondiscretionary and ministerial, and the habeas petition raised no issue regarding the warrant or any conduct by that judge. *Id.* Thus, the district judge was not "tasked with reviewing his past state court rulings in a federal

habeas case." *Id.* at *4 (quoting *Clemmons*, 377 F.3d at 328). The court concluded that a reasonable person would not doubt the judge's impartiality in deciding the habeas petition, and recusal was not required. *Id.*

Although *Clemmons* is not directly on point, Weddington's case is closer to *Clemmons* than to *Daniels*. Judge Pratt did not preside over the trial and conviction in the 2005 case, but she did preside over the trial and conviction in the 2003 case. In that capacity, she denied a motion to suppress regarding the traffic stop that led to Weddington's arrest and the investigation that led to both criminal cases. That same traffic stop was also challenged in a motion to suppress in the 2005 case. Thus, the same facts and circumstances, and perhaps legal arguments, were involved in Judge Altice's denial of the suppression motion in the 2005 case as in Judge Pratt's denial of the suppression motion in the 2003 case. Indeed, the state court of appeals' decision on appeal of the 2005 case refers to its affirmance of Weddington's conviction in the 2003 case, noting that the latter "challenged the propriety of the same traffic stop and subsequent detention." *Weddington v. State of Indiana*, Mem. Decision 9 n.9 (Ind. Ct. App. April 18, 2006) (Short App. 124 n.9).

Furthermore, one of the ineffective-assistance claims raised in the habeas petition involves trial and appellate counsels' alleged failures with respect to a fourth amendment claim concerning the traffic stop that underlies both cases. Thus, in presiding over the habeas petition, Judge Pratt effectively would be reviewing an issue and matter over which she had already passed judgment as a state court judge. In addition, we note that while still on the state trial court in 2005, after the

2003 conviction was affirmed on appeal, *see Weddington v. State*, No. 49A02-0311-CR-1004, 815 N.E.2d 1064 (Ind. Ct. App. 2004), Judge Pratt recused herself from further proceedings in the 2003 case. Though the reason for the state court recusal is not disclosed in the record, Weddington does not suggest that there is a basis for recusal in this habeas case other than the fact that Judge Pratt ruled on his fourth amendment claim while on the state court. (As an aside, we also note that following Judge Pratt's state recusal, Weddington's 2003 case was reassigned to the Honorable Jane E. Magnus-Stinson, then a Marion Superior Court Judge. Judge Magnus-Stinson became a federal district judge in 2010 and, like Judge Pratt, now sits on the United States District Court for the Southern District of Indiana.)

Even though the federal habeas petition does not directly involve the 2003 criminal trial and convictions before Judge Pratt, the criminal charges tried in the 2003 case were closely related to the charges in the 2005 case underlying the habeas petition. The state suggests that Judge Pratt's dismissal of the petition on procedural grounds makes a difference. It is true that one has to dig pretty deeply into a long petition (169 grounds) to find the few references to the suppression ruling in the 2003 case. So, too, the timeliness and exhaustion concerns are much more apparent from a quick look at the petition and the relevant dates. It is certainly conceivable that Judge Pratt's dismissal of the petition was done without any awareness that the claims being asserted raised any issue concerning a trial over which she had presided in her capacity as a state court judge. It is also true that Weddington did nothing to call the potential recusal issue to Judge Pratt's attention.

However, § 455(a) requires a judge to disqualify herself "in any *proceeding* in which [her] impartiality might reasonably be questioned" (emphasis added); this requirement is not limited to particular issues within that proceeding. The statute aims to avoid the *appearance* of impartiality, which does not necessarily depend on the particular issues on which a decision turns. Review of the habeas petition on the merits may require Judge Pratt to review the 2005 proceedings with respect to a suppression motion aimed at the same stop and search as the one involved in the suppression motion on which she ruled in the 2003 case. In our view, this could seriously affect the fairness and public reputation of the judicial proceedings and create an appearance of impropriety.

As explained below, this case has to be remanded for further proceedings. Thus, unlike our cases in which it was too late to remedy an appearance of bias because the district judge was done with the case, *see, e.g.*, *In re Bergeron*, 636 F.3d 882, 883-84 (7th Cir. 2011) (concluding that a party was not entitled to writ of mandamus ordering the judge's removal where "it's too late for us to order the judge removed from the case, because she's through with it"); *Diekemper*, 604 F.3d at 352 (observing that "[o]nce the proceedings at issue are concluded, a post hoc motion for recusal will do little to remedy any appearance of bias that was present" and "any remedy to the appearance of bias that may have existed has long since evaporated"), the appearance of bias can be remedied here before further proceedings are conducted in the district court. A simple application of our Circuit Rule 36 will assure that this case will be assigned to a different district judge on remand.

### B. Procedural Hurdles

### 1. Limitations Period

The state argues, and the district court found, that Weddington's federal habeas petition is barred because it was filed outside the limitations period. A petitioner must seek a federal writ of habeas corpus within one year of the date on which the state court judgment becomes final, though the limitations period is tolled while a "properly filed" application for post-conviction review is "pending" in state court. 28 U.S.C. § 2244(d)(1)(A), (d)(2); *Villanueva v. Anglin*, Nos. 12-1559 & 12-2177, 2013 WL 2992119, at *3 (7th Cir. June 17, 2013). An untimely petition "foreclose[s] habeas relief." *Id.* at *5. AEDPA's limitations period, however, is subject to equitable tolling, if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Weddington's convictions were final September 7, 2006, when the time to seek certiorari in the Supreme Court expired. On February 12, 2007, 158 days later, he filed a pro se petition for post-conviction relief in state court. (The district court and respondent erred in finding that he filed his petition 127 days later.) The limitations period was tolled while that petition was pending. On May 12, 2009, the trial court denied his post-conviction petition, and the federal habeas limitations period ran on Monday, December 9, 2009. *See* Fed. R. Civ. P. 6(a). Weddington's petition was signed and deemed filed on

February 2, 2011. Thus, his federal habeas petition was un-timely.

According to Weddington, the district court erred in dismissing his petition because the limitations period should have been equitably tolled by the state's confiscation of his legal papers. The state responds that the record fails to support his contention. Its argument against equitable tolling, on appeal as in the district court, is based solely on its challenge as to whether Weddington was prohibited access to his legal materials while he was housed in disciplinary segregation. "The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (holding that a corrections officer's confiscation of a prisoner's draft habeas petition and related legal papers can justify equitable tolling of the one-year limitations period); *see also United States v. Gabaldon*, 522 F.3d 1121, 1124–27 (10th Cir. 2008) (holding that prison's complete confiscation of petitioner's legal materials six weeks before filing deadline and its holding of papers until after limitations period expired constituted an extraordinary circumstance for purposes of equitable tolling).

The state maintains that Weddington offers only bald assertions in his petition to support his claim, cites no evidence, and disregards contrary evidence. However, in his habeas petition, Weddington asserts that when he was placed in disciplinary segregation the prison official confiscated all of his legal paperwork (including his petition for habeas corpus), legal books, pens and pencils and he was not allowed to retrieve them for over one year. The petition is declared and

stated under penalty of perjury and thus is considered an affidavit. *See Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (concluding that a § 2255 motion sworn under penalty of perjury was considered an affidavit); *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (the allegations in a motion signed under penalty of perjury "*become* evidence"); *Paters v. United States*, 159 F.3d 1043, 1052 (7th Cir. 1998) ("when a petition contains language to the effect of…'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct,' such petition, and the declaration(s) submitted along with it, are tantamount to affidavits." (footnote omitted)).

To be sure, the state has presented the affidavit of Tom Richardson, Correctional Case Manager at Pendleton where Weddington was housed, contradicting Weddington's assertions. Richardson states that Weddington was never prohibited from accessing his legal materials or the facility's legal reference materials while he was in disciplinary segregation. But the competing evidence simply creates a factual dispute. As for the facility's operational procedures which provide for access to legal materials by inmates in disciplinary segregation, the mere existence of these procedures does not compel a finding that they were followed in this case. Given Weddington's statements to the contrary, the procedures themselves cannot establish that he was in fact provided his legal materials.

The record presents factual issues that must be resolved before a decision can be made regarding equitable tolling, and it appears that an evidentiary hearing is necessary to resolve the fact issues. The district court erred in failing to consider

whether the limitations period was equitably tolled by the state's alleged confiscation of Weddington's legal papers.

### 2. Exhaustion

The state argues that Weddington has procedurally defaulted his habeas claims and that he cannot overcome his default. A petitioner must raise his constitutional claims in state court "to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue." *Villanueva*, 2013 WL 2992119, at *5 (quotation and citation omitted). The failure to present fairly each habeas claim in state court "leads to a default of the claim[s]" and "bar[s] the federal court from reviewing the claim[s'] merits." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

The district judge determined that Weddington procedurally defaulted his federal habeas claims by failing to appeal the state trial court's denial of post-conviction relief. The state trial court issued its findings of fact and conclusions of law on May 12, 2009, when Weddington already was in disciplinary segregation. Weddington did not appeal from the trial court's denial of his petition for post-conviction relief and therefore defaulted the claims raised therein.

However, a district court may excuse procedural default if the petitioner "can demonstrate either (a) cause for the default *and* prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); *or* (b) that failure to consider his claim would result in a fundamental miscarriage of justice (i.e., a claim of actual innocence)." *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S.

152, 170 (1982)) (emphasis added). Cause is defined as "an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *McKee*, 598 F.3d at 382 (quotation and citation omitted). Procedural default is an affirmative defense and can be waived. *Eichwedel v. Chandler*, 696 F.3d 660, 669 (7th Cir. 2012).

If Weddington's claims are believed, by the time the state trial court entered judgment on his post-conviction petition, his habeas petition and legal papers had been taken from him and he had no access to them. This lack of access he alleges continued for more than one year—well beyond the 30 days allowed for appeal. *See* Ind. R. App. P. 9(A)(1). And if Weddington's claims are credited, the confiscation of his legal materials can establish cause for his procedural default. *Cf. Valverde*, 224 F.3d at 134 ("[A] person is plainly 'prevented' from filing a pleading for some period of time if he is deprived of the sole copy of that pleading.").

In arguing that the procedural default could not be excused, the state asserts that Weddington has not shown cause or a fundamental miscarriage of justice; the state has not addressed prejudice. *See* Resp't's Br. 24 ("Weddington cannot excuse his procedural default. Weddington does not show cause for the procedural default or that the failure to consider the claims will result in a fundamental miscarriage of justice."); *id.* at 28 (noting that defaulted habeas claims may be reviewed if a petitioner establishes cause and prejudice and arguing that "Weddington has not shown ca[u]se "). However,

Weddington's procedural default may be excused if he shows *either* "cause and prejudice" *or* a "fundamental miscarriage of justice" if his claims are not considered. (On appeal he argues that he can avail himself of both means of excusing his default.) Likewise, the state failed to raise or develop any argument about the prejudice part of the "cause and prejudice" standard in the district court. Instead, it argued only that Weddington had not shown cause: It attempted to refute his claims about the confiscation of and access to his legal materials. It may be that Weddington can show prejudice given his allegations of counsel's ineffectiveness in failing to investigate and call his wife as an alibi witness.

We are, of course, aware that in this court the state has argued that Weddington's claims of ineffective assistance of counsel lack merit. And we are well aware that *Strickland* claims have a prejudice component. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). But the state also has argued that the "merits of Weddington's claims are not properly before the Court." Resp't's Br. 29. And more importantly, the state never argued in the district court that Weddington could not show prejudice. Thus, this is not a case in which we could affirm on the ground that prejudice has not been shown. *Cf. Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012) (stating that "we can affirm on any ground supported in the record, so long as that ground was adequately addressed in the district court and the nonmoving party had an opportunity to contest the issue" (quotation and citation omitted)). As with equitable tolling, further findings are necessary to determine whether Weddington can overcome his procedural default. Therefore,

we must remand for further findings, including an evidentiary hearing, if necessary.

### III.    Conclusion

We accordingly VACATE the denial of Weddington's habeas petition and remand for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.