**NOT FOR PUBLICATION**

## In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13498
Non-Argument Calendar

————————————————

WASEEM DAKER,

*Petitioner-Appellant,*

*versus*

SHERIFF, COBB COUNTY,

*Respondent-Appellee.*

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cv-03180-SDG

————————————————

Before JORDAN, NEWSOM, and WILSON, Circuit Judges.

PER CURIAM:

The district court dismissed Waseem Daker's habeas corpus petition, filed under 28 U.S.C. § 2254, without prejudice due to lack

of exhaustion.   The court also denied Mr. Daker's motion for recusal of District Judge William Ray II.[1]

We denied Mr. Daker's application for a certificate of appealability as to the dismissal of his habeas corpus petition but concluded that he did not need a certificate of appealability to appeal the denial of his recusal motion.   This, then, is Mr. Daker's pro se appeal on the recusal issue.[2]

## I

We review a judge's decision to recuse for abuse of discretion.   *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1319-20 (11th Cir. 2002).   Before analyzing the legal issues on recusal, we provide some relevant background.

During his state post-conviction proceedings, Mr. Daker filed a mandamus petition with the state trial court seeking an order compelling the clerk of the court to schedule a hearing on his state habeas corpus petition.   The trial court denied the mandamus

---

[1] After Mr. Daker appealed in this case, Judge Ray recused himself from all of Mr. Daker's other cases over which he was presiding.   Judge Ray explained that he had "become fatigued by the sheer volume of [Mr.] Daker's litigious and vexatious case filings, as well as [Mr.] Daker's tendency to cast repeated aspersions on [his] integrity whenever an adverse ruling is made," and "to avoid any question as to [his] impartiality going forward in any of [Mr.] Daker's pending cases, a change seems to be prudent here."   D.E. 155 at 2-3.

[2] Mr. Daker has filed a motion to recuse two Eleventh Circuit Judges.   Because neither of those judges are members of this panel, that motion is denied as moot.

petition, and the Georgia Court of Appeals denied discretionary review when Mr. Daker sought to appeal the denial of mandamus relief. Judge Ray was a member of the Georgia Court of Appeals when it denied discretionary review. *See* Appellant's Br. at 5, 18 (setting out the procedural history).

## II

Mr. Daker argues that Judge Ray had to recuse under federal law for two reasons: (1) he was a member of the Georgia Court of Appeals when it denied review of his discretionary mandamus appeal in his state court post-conviction proceedings; and (2) as shown by prior decisions and statements, Judge Ray was biased against him.

A provision of Title 28 provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. Recusal of federal judges is also governed by 28 U.S.C. § 455.

Under § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." And § 455(b)(1) & (3) provide that disqualification is also required if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or "has served in governmental employment

and in such capacity. . .expressed an opinion concerning the merits of the particular case in controversy."[3]

## A

We begin with 28 U.S.C. § 47, which states that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him."

This statute is inapplicable to Judge Ray in the scenario before us. Judge Ray was not hearing an appeal of a case or issue involving Mr. Daker that he "tried" as a state judge in Georgia. *Cf. United States v. Garramone*, 374 F. Supp. 256, 258 (E.D. Pa. 1974) (fact that district judge authorized electronic surveillance on the phone of one of the defendants did not require him to step aside from that defendant's criminal case: "A pretrial hearing or the trial on the merits does not constitute an 'appeal' within the meaning of the statute. Furthermore, the authorization of electronic surveillance is not the case or issue tried by the Court. The 'case or issue'

---

[3] A third provision, 28 U.S.C. § 144, also pertains to recusal. It provides that parties may file an affidavit stating facts and reasons that the judge presiding over the matter "has a personal bias or prejudice either against him or in favor of any adverse party," and then the "judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Mr. Daker does not rely on § 144 in his brief. We therefore do not discuss that provision further. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining that, although pro se filings are read liberally, that "does not give a court license to serve as *de facto* counsel for a party").

22-13498                Opinion of the Court                5

language of the statute refers to a final Order of the lower court which may be appealed to a higher court.").

We next address 28 U.S.C. § 455. Mr. Daker relies on § 455(a), which we quoted earlier.

"[R]ecusal under § 455(a) turns on whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (citation modified). Generally, bias warranting disqualification must arise from extrajudicial sources and be focused against a party to the proceedings. *See United States v. Ramos*, 933 F.2d 968, 973 (11th Cir. 1991).

Mr. Daker cites to cases from the Third, Fourth, and Seventh Circuits which hold that a federal district judge should not adjudicate a federal habeas corpus case arising from (or closely related to) state criminal proceedings over which he presided as a state judge. *See Clemmons v. Wolfe*, 377 F.3d 322, 329 (3d Cir. 2004); *Rice v. McKenzie*, 581 F.2d 114 (4th Cir. 1978); *Weddington v. Zatecky*, 721 F.3d 456, 463 (7th Cir. 2013). Those cases, however, are inapplicable because Judge Ray did not preside over Mr. Daker's criminal case when he was a state court judge.

Judge Ray was, as noted, a member of the Georgia Court of Appeals when it declined discretionary review of Mr. Daker's appeal of the denial of his mandamus petition to compel the clerk of the state trial court to schedule a hearing. But there is no indication that Judge Ray was a member of the Georgia Court of Appeals

panel which denied discretionary review.  Moreover, because it denied discretionary review, the Georgia Court of Appeals (and by necessity Judge Ray) did not address the merits of the mandamus issue that Mr. Daker sought to appeal.  Nor did it address the merits of Mr. Daker's post-conviction motion.

The most analogous case, we believe, is *Tyler v. Puckett*, 413 F.3d 696 (8th Cir. 2005).  There the defendant argued that the federal district judge who presided over his habeas corpus case should have recused under § 455(a) because he had served on the Missouri Court of Appeals when it denied the defendant's motion for transfer of his appeal to the Missouri Supreme Court.  The Eighth Circuit held that the district judge did not need to recuse sua sponte under the circumstances and provided this explanation:

> Even accepting Tyler's submission that all judges then sitting on the Missouri Court of Appeals, Western District, ruled on his motion, we do not believe that Judge Gaitan's vote on such a motion would lead a reasonable person to harbor doubts about his impartiality because neither an opinion on the general interest or importance of an issue in a given case nor an opinion as to whether then-existing Missouri law should have been reexamined provides any basis to question a jurist's impartiality as to the merits of the case.

*Id*. at 704-05.  We find Tyler persuasive and follow it here.  *Cf. Johnson v*. Steele, 999 F.3d 584, 588 (8th Cir. 2021) (affirming denial of motion to recuse a district judge who was on the state supreme

court when the defendant filed his appeal but who did not participate in the appeal: "Instead, like the district judge's vote on the transfer motion in *Tyler*, Judge Limbaugh's mere access to legal filings in Johnson's case prior to his departure from the Missouri Supreme Court never impacted the *merits* of Johnson's case. Judge Limbaugh left the court before briefing, oral argument, or a decision was rendered. On these facts, a knowledgeable, reasonable person would not question Judge Limbaugh's impartiality as he took no part in the consideration of Johnson's state appeal.").

To the extent that Mr. Daker argues that recusal was required due to Judge Ray's rulings, we disagree. Under § 455, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And "except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Based on our review of the record, Mr. Daker has not shown that Judge Ray was biased against him.[4]

### III

We affirm the denial of Mr. Daker's motion to recuse Judge Ray.

**AFFIRMED.**

---

[4] As to any other issues raised by Mr. Daker, we summarily affirm.